UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------x
|
BOW & DRAPE, INC.,            |   Docket No.: _____
|
Plaintiff,          |
|
~ against ~                   |
|
TRULY COMMERCE INC.; and      |
DAY TO DAY IMPORTS INC.,      |
|
Defendants.         |
|
------------------------------x

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, the Defendant DAY TO DAY IMPORTS INC., does hereby file this Notice of Removal of the above-captioned matter from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York.

The Defendants' Petition for Removal is based on the following grounds:

## BASIS FOR JURISDICTION

1. The United States District Court for the Eastern District of New York has original jurisdiction over this matter under 28 U.S.C. § 1332(a)(2), there being complete diversity between the citizenship of the Plaintiff and Defendants, and being that the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, as further described below.

2. No party in interest properly identified as a defendant is a citizen of the State of New York. 28 U.S.C. § 1441(b)(2).

3. This lawsuit is therefore removable from the Supreme Court of the State of New York for the County of Kings to the United States District Court for the Eastern District of New York.

## TIMELINESS OF REMOVAL

4. This case was initiated on May 24, 2018, by a Summons with Notice and Complaint docketed with the Supreme Court of the State of New York for the County of Kings under Index #510762/2018. A true and accurate copy of the Summons with Notice and Complaint (Docket #1) is annexed to and made a part of this Notice of Removal as **Exhibit A**.

5. No Defendant has been served with process (See discussion below) and therefore this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

## MOTION FOR DEFAULT PURSUANT TO CPLR § 3215

6. On August 28, 2018, the Plaintiff purported to file a Motion for Default against both Defendants pursuant to C.P.L.R. § 3215. A copy of the following docket listings are annexed to and made a part of this Notice of Removal:

| Docket | Document | Exhibit |
|---|---|---|
| Docket #2 | Notice of Motion | Exhibit B |
| Docket #3 | Exhibits to Notice of Motion | Exhibit C |
| Docket #4 | Request for Judicial Intervention | Exhibit D |

7. The Exhibits attached to the Motion for Default include two affidavits purporting to serve the Defendants.

8. As an initial matter, the Affidavits of Service were not accompanied by a Certificate of Conformity pursuant to C.P.L.R. § 2309(c) and are not admissible.

9. In addition, the Affidavits of Service do not purport to have served the Defendants pursuant to California law. The Affidavits claimed to have served "YADER 'DOE' (DENIED SERVER LAST NAME AND ENTRY", and provide a legal conclusion that such individual was "AUTHORIZED TO ACCEPT SERVICE OF PROCESS".

10. Clearly, "Yader Doe" was not authorized to accept service of process. *See* Affidavit of CEO at **Exhibit E**.

11. To the extent that Plaintiff would claim to have effected service pursuant to the California Code of Civil Procedure § 415.20 (providing for service of process on responsible person), "Yader Doe" was not, in fact, a responsible person.

12. Even if "Yader Doe" was a responsible person, California C.Civ.P. § 415.20 requires that a copy of the summons and complaint be mailed to the person to be served where the summons and complaint were left. This follow-up mailing requirement is necessary to perfect service, *See, e.g.*, Thao v. Law Offices of Christopher Glenn Beckom, Index #1:17-cv-01298, 2018 U.S. Dist. LEXIS 146547 (E.D. California Aug. 27, 2018)(Report & Recommendation) (Grosjean, Magistrate

Judge Erica P.)(Setting aside default for failure to perfect service with the required mailing).  A copy of the Thao decision is annexed to this Notice as **Exhibit F**.

13. If Plaintiff purports to have served pursuant to New York law, then C.P.L.R. § 311(a)(1) requires service on a foreign corporation to be made on "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service."

14. New York courts routinely deny motions for default where the service of process pursuant to C.P.L.R. § 311(a)(1) is tendered to an unauthorized person.  *See, e.g.*, Jiggetts v. MTA Metro-North Railroad, et al., 993 N.Y.S.2d 699 (1st Dep't 2014)("Petitioner failed to comply with CPLR 311 (a)(1), which requires that the process server tender process directly to an authorized corporate representative, rather than an unauthorized person who later hands the process to an offer or other qualified representative (*see e.g Donley v. Gateway 2000*, 266 AD2d 184 [2d Dept 1999]").

15. Where service has not been formally perfected, the 30-day limit for Defendants to file for removal does not begin to run.  See, e.g., Scully v. Chase Bank USA, N.A., No. 16-CV-325, 2016 U.S. Dist. LEXIS 66641 (E.D.N.Y. May 16, 2016)(Garaufis, Justice Nicholas G.)("the commencement of the removal period could only be triggered by formal service of process, regardless of whether the statutory phrase 'or otherwise' hints at some other proper means of receipt of the initial pleading".)  A copy of the Scully decision is annexed to this Notice as **Exhibit G**.

16. For this reason, the Motion for Default was premature, service of process has not been perfected, and the thirty day stop watch for Removal has not begun to run. Therefore, this Notice of Removal is timely.

## DIVERSITY JURISDICTION

17. According to the Complaint, at all times relevant to this lawsuit, there was complete diversity of diversity of citizenship because the Plaintiff is a Delaware Corporation authorized in New York State; and the Defendants are both California corporations.

## NO ADMISSION

18. This Notice of Removal is submitted without admission that the Complaint has any basis in law or fact and without waiving any of the Defendants' defenses, claims, or counterclaims.

19. Defendants reserve the right to amend and/or supplement this Notice of Removal.

## SERVICE

20.     Concurrent with the filing of this Notice of Removal, Defendants are serving this Notice of Removal upon Plaintiff's counsel will file a copy of this Notice of Removal with the Supreme Court of the State of New York, Kings County.

**WHEREFORE**, notice is given that this action is removed from the Supreme Court of the State of New York, Kings County to the United States District Court for the Eastern District of New York.

**Dated:**     Fresh Meadows, New York
             September 6, 2018

Respectfully Submitted,

_____
Baruch S. Gottesman, Esq.
185-12 Union Turnpike
Fresh Meadows, NY 11366
*Attorney for Defendant*
*Day to Day Imports Inc.*

**TO:**   J. Gregory Lahr
         Robinson & Cole
         666 Third Avenue, 20th Floor
         New York, NY 10017
         *Attorney for Plaintiff*