SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------- x
BOW & DRAPE, INC.,

       Plaintiff,

  -against-

TRULY COMMERCE INC. and
DAY TO DAY IMPORTS INC.,

       Defendants.
-------------------------------------------------------------------- x

Index No.

(ECF)

Plaintiff Designates Kings County as the Place of Trial

The Basis of Venue is Plaintiff's Residence

**SUMMONS WITH NOTICE**

**TO THE ABOVE-NAMED DEFENDANTS**:

Truly Commerce Inc.
16325 S. Avalon Blvd.
Gardena, CA  90248

Day to Day Imports Inc.
16325 S. Avalon Blvd.
Gardena, CA  90248

  **YOU ARE HEREBY SUMMONED** to serve a Notice of Appearance on the Plaintiff's attorney with 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear, judgment may be taken against you by default for the relief demanded herein.

  The basis of venue is Plaintiff's principal place of business is located at 67 West Street, #209, Brooklyn, New York  11222.  Defendants contracted with Plaintiff in New York, earned revenue from Plaintiff in New York, and caused injury to Plaintiff within New York.

**NOTICE**:  This action is based on breach of contract, intentional interference with contractual relations and negligent conduct.

**Relief Sought:  At least $1,482,307 plus interest and attorneys' fees**.

Dated: New York, New York
      May 24, 2018

                                    Robinson & Cole LLP

                                    By: _____
                                        J. Gregory Lahr
                                  *Attorneys for Plaintiff*
                                  *Bow & Drape, Inc.*
                                  666 Third Avenue, 20th Floor
                                  New York, New York 10017
                                  Phone: (212) 451-2900
                                  Facsimile: (212) 451-2999
                                  glahr@rc.com

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------------------- x
BOW & DRAPE, INC.,                                          :
                              Plaintiff,                                 Index No.

                                                                                     :       (ECF)
            -against-
                                                                               :       **COMPLAINT**

TRULY COMMERCE INC. and
DAY TO DAY IMPORTS INC.,                            :

                            Defendants.                                :
----------------------------------------------------------------------- x

      Plaintiff Bow & Drape, Inc., by its undersigned counsel, as and for its complaint against Truly Commerce Inc. and Day to Day Imports Inc., alleges as follows:

## NATURE OF THE ACTION

      1.     Plaintiff Bow & Drape, Inc. ("Bow & Drape") brings this action against Defendants Truly Commerce Inc. ("Truly Commerce") and Day to Day Imports Inc. ("Day to Day") for breach of contract, negligence, and unjust enrichment, stemming from Defendants' gross mishandling of Plaintiff's goods while under the care, custody, and control of Defendants in Defendants' warehouse located in Los Angeles, California, which has caused significant financial and reputational damage to Plaintiff in New York.

## THE PARTIES, JURISDICTION AND VENUE

      2.     Plaintiff Bow & Drape, Inc. ("Bow & Drape") is a Delaware corporation duly authorized to do business within the State of New York, with its principal place of business located at 67 West Street, #209, Brooklyn, New York 11222.

      3.     Upon information and belief, defendant Truly Commerce is a California corporation with its principal place of business located at 16325 S. Avalon Blvd, Gardena, California 90248.

4.  Upon information and belief, defendant Day to Day Imports is a California corporation with its principal place of business located at 16325 S. Avalon Blvd, Gardena, California 90248.

5.  The Court has jurisdiction over Defendants as they contracted with Plaintiff in New York, earned revenue from Plaintiff in New York, and caused injury to Plaintiff within New York.

6.  Plaintiff designates Kings County as the proper venue as Plaintiff is located in Kings County.

## JURY DEMAND

7.  Plaintiff demands a trial by jury of all issues in this action.

## FACTUAL BACKGROUND

8.  Bow & Drape is a women's clothing design and manufacturing company that imports goods from international locations into the United States, for sale to retailers across the country.

9.  Bow & Drape retained Truly Commerce in August 2017 to provide warehousing, repackaging, distribution, and shipment services for goods coming in from overseas. Although Bow & Drape's initial contract was with Truly Commerce, upon information and belief Day to Day assumed responsibility for some portion of the contract and Truly Commerce's responsibilities under the contract.

10. Pursuant to their agreement, Truly Commerce and Day to Day accepted the responsibility of receiving goods from the manufacturers used by Bow & Drape, and then were responsible for repackaging the goods and distributing them to Bow & Drape's retailer customers in accordance with specific instructions provided by Bow & Drape.

11. However, Truly Commerce and Day to Day failed in every aspect of the services

they had agreed to provide, and negligently handled the goods and the repackaging and distribution of the goods.

12. By way of example of the many breaches and acts of negligence by Truly Commerce and Day to Day, they failed to properly repackage the goods, they used insufficient and inaccurate labels for boxes being shipped, they shipped incorrect goods and an incorrect number of goods to Bow & Drape's retailer customers, including significant short-shipments against purchase orders. In addition, Truly Commerce repeatedly failed to provide accurate and timely reports to Bow & Drape which were supposed to account for the receipt, repackaging, and shipment of goods.

13. These breaches of contract and the negligent conduct have caused significant damage to Bow & Drape and its relationship with its customers. Because of Defendants' negligence and apparent inability to ship goods in a correct manner, Bow & Drape's goods arrived late to the retailers' floors and it inaccurately invoiced its customers, and has been forced to accept write-downs and chargebacks from its customers as well as delayed payments for the goods, causing it to lose hundreds of thousands of dollars. In addition, because of Defendants' errors, certain customers of Bow & Drape have not submitted new orders for 2018.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

14. Plaintiff repeats and realleges each and every allegation previously set forth.

15. Plaintiff paid Defendants approximately $50,000 for their warehousing, repackaging, distribution, and shipment services, all of which were not provided in accordance with the terms agreed upon by the parties.

16. Plaintiff has abided by the terms of the parties' agreement and is not in default thereof.

17. Plaintiff has sustained damages as a result of Defendants' breaches of contract,

3

including damages for short shipments, chargebacks, third-party logistic fees, lost revenue, interest costs, and lost sales, all totaling over $1 million.

18. As a direct result of Defendants' breaches of contract, Plaintiff has suffered and continues to suffer harm and monetary damage, and is entitled to all legal remedies including, but not limited to, compensatory damages in amounts to be determined at trial, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION
(Negligence)

19. Plaintiff repeats and realleges each and every allegation previously set forth.

20. Defendants undertook a duty to accept Plaintiff's goods and handle them in a suitable and reasonable manner, including repackaging and distributing the goods to Plaintiff's customers.

21. Defendants knew that Plaintiff relied on them to accept the goods, store the goods, repackage the goods, and distribute the goods in a proper manner, and that if Defendants mishandled the goods, and did not repackage them and distribute the goods properly, it would cause significant harm to Plaintiff.

22. Despite repeated requests by Plaintiff for a report and accounting of the goods and their whereabouts, Defendants refused to provide sufficient and timely information, further damaging Plaintiff and preventing Plaintiff from intervening and communicating with Plaintiff's customers in an effort to maintain its business relationships.

23. Defendants knew that their failure to provide accurate and timely reports would impair Plaintiff's ability to maintain its relationship with its customers and be paid for the goods that Plaintiff had agreed to send in an accurate and timely manner to its customers.

24. As a direct result of Defendants' negligence, Plaintiff has suffered and continues to suffer harm and monetary damage, and is entitled to all legal remedies including, but not

4

limited to, compensatory damages in amounts to be determined at trial, as well as interest, costs, and attorneys' fees.

### THIRD CAUSE OF ACTION
(Unjust Enrichment)

25. Plaintiff repeats and realleges each and every allegation previously set forth.

26. Plaintiff paid Defendants approximately $50,000 for the services they had agreed to provide, none of which were provided in the manner upon which the parties had agreed.

27. As a result, Defendants have been unjustly enriched by accepting payments from Plaintiff and not providing the services they had agreed to provide.

**WHEREFORE**, Plaintiff Bow & Drape, Inc. demands judgment against Defendants as follows:

    A. For compensatory damages in the sum of One Million Four Hundred Eighty-Two Thousand Three Hundred and Seven Dollars ($1,482,307), or such other amount as is proven at trial;
    B. For interest;
    C. For attorneys' fees, costs and disbursements; and
    D. For such other, further and different relief as the Court deems just and proper.

Dated: New York, New York
       May 24, 2018

                Robinson & Cole LLP

                By: _____
                     J. Gregory Lahr
                *Attorneys for Plaintiff*
                *Bow & Drape, Inc.*
                666 Third Avenue, 20th Floor
                New York, New York 10017
                Phone: (212) 451-2900
                Facsimile: (212) 451-2999
                glahr@rc.com