**Robinson+Cole**

J. GREGORY LAHR

Chrysler East Building
666 Third Avenue, 20th floor
New York, NY 10017
Main (212) 451-2900
Fax (212) 451-2999
glahr@rc.com
Direct (212) 451-2933

Also admitted in Maryland

September 19, 2018

**VIA ECF**

Honorable Nina Gershon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *Bow & Drape, Inc. v. Truly Commerce Inc. et al.*
     Civil Action No. 18-cv-05066-NG-SJB
     Our File No.:    37656.0001

Dear Judge Gershon:

We represent Plaintiff Bow & Drape, Inc. ("Bow & Drape").  Please accept our apologies for mistakenly directing our prior letter to Judge Garaufis.  We are writing respectfully in advance of a pre-motion conference relating to Plaintiff's motion for remand to New York state court.

As an initial matter, the Court has scheduled the conference for October 18, 2018.  We are already committed to appear on that date for an oral argument before Judge Rothenberg in Kings County Supreme Court.  We have checked with counsel for Day to Day Imports, Inc. ("DTD") and the parties are available the following week for a conference (with the exception of October 25), if the Court is agreeable.

### A.    BACKGROUND

Defendants were properly served with the Summons and Complaint on May 31, 2018, and DTD's removal more than three months later is untimely.  Moreover, DTD has not obtained the consent of Truly Commerce Inc. ("Truly Commerce") to proceed with the removal.  Accordingly, the removal is improper under 28 U.S.C. § 1446 (a) and (b)(2)(A).

Bow & Drape brought this action against DTD and Truly Commerce for breach of contract due to their gross mishandling of Bow & Drape's goods while under Defendant's care, custody, and control, which has caused significant damage to Bow & Drape in New York.  Bow & Drape filed its Complaint in Kings County Supreme Court on May 24, 2018, and it was personally served on Defendants on May 31, 2018, in accordance with New York C.P.L.R. § 311.

# Robinson+Cole

Hon. Nina Gershon
September 19, 2018
Page 2

After receiving the Complaint, a principal of Truly Commerce, Nechemia Shoub, began to engage in settlement discussions with Bow & Drape on June 5, 2018, which communications continued until June 21, 2018.[1]

On July 16, 2018, Truly Commerce acknowledged that it "has only received notice by mail, no personal service has occurred yet. We were told the same is true for Day To Day Imports." This representation was inaccurate, as the Complaint was hand-delivered on May 31, 2018. Nevertheless, Defendants clearly had copies of the Complaint no later than July 16, 2018.

The process server, Carlos Abrego, will aver that he left the Complaint with an armed security guard at Defendants' location because the guard would not allow Mr. Abrego to have access to the premises for purposes of handing the legal documents to Defendants' direct representative. Mr. Abrego reasonably believed that the guard would ensure that the documents would be provided to the appropriate individuals at Defendants, which they were because Defendants subsequently engaged in settlement discussions with Bow & Drape.

Because neither DTD nor Truly Commerce responded to the Complaint, Plaintiff moved for a default on August 28, 2018. Mr. Abrego served the default motion papers in the same manner.

B.   **LEGAL ARGUMENT**

Bow & Drape served the Complaint in accordance with N.Y. C.P.L.R. § 311, which applies to personal service upon a corporation. This section provides that personal service may be made upon a foreign corporation by serving any officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service.[2]

New York courts do not read the service of process statute in a narrow and technical manner, and favor a more liberal interpretation as the purpose is to give the corporation notice of the lawsuit.[3]

---

[1] Truly Commerce's Chief Financial Officer is Akiva Nourollah, who is also the Chief Financial Officer of DTD. Curiously, Mr. Nourollah submitted an Affidavit only on behalf of DTD.

[2] California law is similar, in that a summons may be served on a corporation by delivering a copy of the summons and the complaint to the "president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10.

[3] See Marine Midland Realty Credit Corp. v. Welbilt Corp., 145 A.D.2d 84, 537 N.Y.S.2d 669 (3d Dep't 1989) (quoting Fashion Page v. Zurich Ins. Co., 50 N.Y.2d 265, 271, 428 N.Y.S.2d 890 (1980)). See also Dunn v. Pallett, 66 A.D.3d 1179, 889 N.Y.S.2d 682 (3d Dep't 2009) (finding that service was proper where process server made proper inquiry and delivered the summons in accordance with instructions); Cellino & Barnes, P.C. v. Martin, Lister & Alvarez, PLLC, 117 A.D.3d 1459, 985 N.Y.S.2d 776 (4th Dep't 2014) (service was proper upon defendant's receptionist, and rejecting defendant's affidavit stating that receptionist was not authorized).

**Robinson+Cole**

Hon. Nina Gershon
September 19, 2018
Page 3

Here, the service upon Defendants was effective under C.P.L.R. § 311. Plaintiff's process server avers that he went to Defendants' location, identified himself as a process server, and stated that he required access to the Defendants' premises to provide the legal documents. After communicating with someone by telephone, the armed security guard refused to allow the process server to enter the premises. However, the security guard allowed the process server to leave the Complaint at the security shack at the entrance to the building.

Defendants' CFO, Akiva Nourollah, attempts to defeat the service of process by claiming that he does not know the security guard. However, DTD cannot hide behind the placement of armed security guards at the entrance to their building and subsequent refusal to allow duly-licensed individuals access to the premises for purposes of properly serving legal documents. DTD does not provide an affidavit of the security guard, or from anyone at the entrance of the building, claiming that they did not allow Plaintiff's process server to leave the Complaint with the guard. DTD's efforts to evade service of process is precisely why the Court of Appeals does not interpret the statute in a narrow and technical manner. As such, service of process was effective.

Under 28 U.S.C. § 1446, a removal must be filed within thirty days of the service of process, and DTD must have the consent of Truly Commerce. DTD's removal is deficient on both grounds.

Removal jurisdiction is strictly construed, and all doubts should be resolved in favor of remand. Moreover, it is the burden of the removing party to prove that it has met the requirements of removal.[4]

Here, service of process was proper under New York and California law, and DTD has the burden to prove otherwise. The CFO's Affidavit does not sufficiently demonstrate that the armed security guard – who refused access to the process server and with whom the Complaint was left – did not have authority to receive the legal documents on Defendants' behalf, especially where DTD and Truly Commerce apparently had instructed the guard to prevent access to the premises for purposes of serving legal documents on the corporations. As such, DTD's reliance on Scully v. Chase Bank USA, 2016 U.S. Dist. LEXIS 66641 (E.D.N.Y. 2016), is misplaced.

In fact, Defendants acknowledged that they had received the Complaint during the settlement communications with Bow & Drape. On July 16, 2018, Truly Commerce indicated that it "only received notice by mail," and further advised that they "were told the same is true for Day To Day Imports." Defendants share at least one common corporate officer, they share the same address, and they both breached the contract and damaged Bow & Drape. As such, DTD's apparent effort to separate itself from Truly Commerce is erroneous.

Based on the foregoing, Plaintiff seeks a remand of this matter to Kings County Supreme Court.

---

[4] See Steinberg v. Nationwide Mut. Ins. Co., 91 F. Supp. 2d 540, 542-43 (E.D.N.Y. 2000) (citations omitted); see also Brooklyn Hosp. Ctr. v. Diversified Info. Techs., Inc., 133 F. Supp. 2d 197 (E.D.N.Y. 2001) (removal determined to be untimely); Heredia v. Transport S.A.S., Inc., 101 F. Supp. 2d 158 (S.D.N.Y. 2000) (service of process determined to be proper, and removal was untimely).

# Robinson+Cole

Hon. Nina Gershon
September 19, 2018
Page 4

Thank you for your Honor's consideration.

Respectfully,

*[signature]*

J. Gregory Lahr

cc:   All Counsel (via ECF)