

Baruch S. Gottesman
Attorney and Counselor at Law

September 26, 2018

**Via ECF**
The Honorable Nina Gershon, U.S. District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    Bow & Drape, Inc. v. Truly Commerce Inc, et ano.
         E.D.N.Y. Index No. 18-cv-05066 (NJ)(SJB)

Your Honor:

### A.    Introduction

I represent Defendant Day to Day Imports, Inc., (DDI) and pursuant to Your Honor's Order of September 14, 2018 (Docket #7) my client respectfully submits this letter in response to Plaintiff's letter of September 19, 2018 (Docket #8).

This case for breach of contract and negligence and related claims arise from the Defendants' alleged "gross mishandling of Plaintiff's goods while under the care, custody, and control of Defendants <u>in Defendants' warehouse located in Los Angeles, California</u>". Complaint at ¶ 1 (emphasis added). The Complaint is premised on various alleged acts that Defendants committed at their warehouses in California. Complaint ¶¶ 11 – 13.

Plaintiff argues that this case should be remanded because the Removal was untimely. DDI respectfully disagrees and will explain below that they have not been served and therefore the Notice of Removal was timely.

Pursuant to the Federal Rules and pursuant to Your Honor' permission and any briefing schedule the Court orders, Defendant Day to Day Imports Inc., will respectfully cross-move: (i.) to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) because Plaintiff has not alleged the existence of any contract or duty between Plaintiff and Day to Day Imports Inc.; and (ii.) to dismiss pursuant to Fed. R.Civ.P. 12(b)(3) because there is no jurisdiction over Day to Day Imports, Inc., in New York.

Letter to Hon. Nina Gershon, U.S.D.J.
Bow & Drape, Inc. v. Truly Commerce Inc., et ano., 18-cv-05066 (NG)(SJB)
September 26, 2018
Page 2 of 4

Defendant Day to Day Imports, Inc., will alternatively (iii.) move to transfer this case pursuant to 28 U.S.C. § 1404 to the United States District Court for the Central District of California and this case properly belongs because that is where all the fact witnesses and documents are located, California law may govern the standard of care allegedly breached by Defendants, and where all the facts giving rise to this case occurred.

### B.      Legal Argument that Service was not Perfected

Where service has not been perfected, the 30-day limit for Defendants to file for removal does not begin to run. *See, e.g.,* Kim v. Bonin, et al., No. 04-CV-4461, 2005 WL 1105245, (E.D.N.Y. May 10, 2005)(Gershon, District Judge Nina) ("proper service is a prerequisite to the commencement of the limitations period. The rule articulated by the Supreme Court in *Murphy Brothers* is not grounded in formalism, but in the 'bedrock principle' that a defendant is not subject to the court's authority unless properly served with process. 526 U.S. at 347").

As described below, the Plaintiff has not perfected service and therefore the Notice of Removal was timely filed within 30 days.

In the New York State *case subjudice*, Plaintiff filed a Motion for Default (Dockets #3 – 4, Exhibits C – D to the Notice of Removal), which included an Affidavit whose affiant alleged to have served DDI on May 31, 2018. Carlos Abrego alleges that he served "YADER 'DOE' (DENIED SERVER LAST NAME AND ENTRY" and argued the legal conclusion that Yader Doe was a "PERSON AUTHORIZED TO ACCEPT SERVICE OF PROCESS".

First – The affidavit of service was not accompanied by a Certificate of Conformity pursuant to C.P.L.R. § 2309(c) and is therefore inadmissible.

Second – If the Plaintiff purports to have served process pursuant to California law, then California Code of Civ. Pro. § 415.20 requires that "reasonable diligence" is used to effect service upon the "person to be served." Code of Civ. Pro. § 415.20(b). *See* Evartt v. Superior Ct., 89 Cal.App.3d 795, 799 (Ct.App. Cal. 5th App. Dist. 1979)("It was uniformly held that [reasonable diligence] must be strictly complied with in order for jurisdiction over the person to be established by substitute means.").

In this case, "the person to be served" is DDI's agent for service of process, who is publicly listed on the California Department of State website as Adam Moloudi at the Law Offices of Adam Moloudi. The Affidavit of Service

Letter to Hon. Nina Gershon, U.S.D.J.
Bow & Drape, Inc. v. Truly Commerce Inc., et ano., 18-cv-05066 (NG)(SJB)
September 26, 2018
Page 3 of 4

alleges no reasonable diligence nor substituted service on the "person who is apparently in charge". Code of Civ. Pro. § 415.20(a).

Third – If the Plaintiff purports to have served process pursuant to New York law, then under New York C.P.L.R. § 311(a)(1) this unknown Yader Doe (See Exhibit E to the Notice of Removal) was not an authorized person and therefore process was not served. *See, e.g.,* Jiggetts v. MTA Metro-North Railroad, et al., 993 N.Y.S.2d 699 (1st Dep't 2014)("Petitioner failed to comply with CPLR 311(a)(1), which requires that the process server tender process directly to an authorized corporate representative, rather than an unauthorized person who later hands the process to an offer or other qualified representative (*see e.g* Donley v. Gateway 2000, 266 AD2d 184 [2d Dept 1999]").

In addition, process was not served on the co-Defendant. And even if it had been served, see the attached Consent by the co-Defendant.

**C.    Legal Argument to Dismiss**

The sole allegation concerning DDI is the "upon information and belief" claim that "Day to Day assumed responsibility for some portion of the contract and [co-Defendant]'s responsibilities under the contract." Complaint at ¶ 9.

New York law is clear that "[l]iability for breach of contract does not lie absent proof of a contractual relationship or privity between the parties" Hamlet at Willow Creek Dev. Co., LLC v. Ne. Land Dev. Corp., 878 N.Y.S.2d 97, 111 (App. Div. 1st Dep't 2009). Hamlet confirmed "a subcontractor is in privity with the general contractor on a construction project and is not privity with the owner, even if the owner benefited from the subcontractor's work". *Id.* No claim of "functional equivalent of privity" has or can be made against DDI. *See* Stapleton v. Barrett Crane Design & Eng'g, 725 F. App'x 28, 31 (2d Cir. 2018).

To the extent that California law would control, the California Supreme Court held that assessing legal duty in the absence of privity of contract requires a complex "checklist of factors" to consider including the "closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm". Bily v. Arthur Young & Co., 3 Cal. 4th 370, 397 (1992).

The vague allegations "upon information and belief" about DDI's subcontract with their co-Defendant fails to state a cause of action for Breach of Contract or Negligence by DDI under either California or New York law.

Letter to Hon. Nina Gershon, U.S.D.J.
Bow & Drape, Inc. v. Truly Commerce Inc., et ano., 18-cv-05066 (NG)(SJB)
September 26, 2018
Page 4 of 4

In addition, DDI has no nexus to New York and Plaintiff has not alleged that DDI has any nexus with New York and therefore this case should be dismissed for lack of jurisdiction or in the alternative be transferred to the ~~Southern~~ Central District of California because all the evidence giving rise to this claim (and the alleged bad acts) occurred in California.

For these reasons the case should not be remanded, but rather the claim should be dismissed and in the alternative transferred to the ~~Southern~~ Central District of California.

RESPECTFULLY SUBMITTED

Baruch S. Gottesman, Esq.

Enclosures: Consent by Co-Defendant