UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————x
                                                          |
BOW & DRAPE, INC.,                      |   Docket No.: **1:18-cv-05066**
                                                          |
                Plaintiff,                        |
                                                          |
  ~ against ~                                  |
                                                          |
TRULY COMMERCE INC.; and       |
DAY TO DAY IMPORTS INC.,        |
                                                          |
                Defendants.                    |
                                                          |
———————————————————x

# BRIEF IN SUPPORT OF
# DEFENDANT DAY TO DAY IMPORTS INC.'S
# MOTION TO TRANSFER VENUE

Filed By:  Baruch S. Gottesman, Esq.
                185 Union Turnpike
                Fresh Meadows, NY 11366
                Phone: (212) 401-6910
                e-mail: bg@gottesmanlegal.com

## Table of Contents

A. **Table of Authorities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

B. **Introductory Statement**: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

C. **Argument**: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5 – 7

    1.   Factors Considered in Motion to Transfer Venue . . . . . . . . . . . 5 – 6

    2.   The locus of operative facts is
        the Central District of California . . . . . . . . . . . . . . . . . . . . . . . . 6 – 7

D. **Conclusion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Cases:**

Atl. Marine Constr. Co. v. United States Dist. Court,
    571 U.S. 49, 63, 134 S. Ct. 568, 581 (2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Lafarge N. Am., Inc.,
    474 F. Supp. 2d 474 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

Arrow Elecs., Inc. v. Ducommun, Inc.,
    724 F. Supp. 264 (S.D.N.Y. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Foothill Capital Corp. v. Kidan,
    2004 U.S. Dist. LEXIS 3634 (S.D.N.Y. Mar. 5, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Mattel, Inc. v. Procount Bus. Servs.,
    2004 U.S. Dist. LEXIS 3895 (S.D.N.Y. Mar. 10, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am.,
    599 F.3d 102 (2d Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5


**Other Authority:**

WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3845 . . . . . . . . . . . . . . . . . 6

Brief in Support of Motion to Transfer Venue in
Bow & Drape, Inc. v. Truly Commerce Inc. et ano.
Page 3 of 8

### A.  Introductory Statement

**Defendant DAY TO DAY IMPORTS INC.**, through Counsel, respectfully submit this Brief in support of their Motion to Transfer pursuant to 28 U.S.C. § 1404(a).

By way of background: Defendant Day to Day Imports Inc., timely Removed this case from the Supreme Court of the State of New York to the Eastern District by Notice of Removal on September 7, 2018 (Docket No. 1). Pursuant to Your Honor's rules, the Plaintiff submitted a Letter Brief to Remand, and D2D responded and argued for dismissal (Docket Nos. 8 and 9). After oral arguments before Your Honor, a briefing schedule was ordered on the narrow issue of Transferring Venue (Docket No. 11).

This Brief will lay out the factors that Courts have considered in Motions to Transfer Venue and will argue that this Complaint would be best heard in the Central District of California, where the facts and circumstances occurred and all relevant evidence and parties are located.

For the reasons described here, the Defendant Day to Day Imports Inc., respectfully requests an Order transferring this case to the Central District of California.

*[Remainder of Page Intentionally Left Blank]*

Brief in Support of Motion to Transfer Venue in
Bow & Drape, Inc. v. Truly Commerce Inc. et ano.
Page 4 of 8

### B. Argument

**1. Factors Considered in Motions to Transfer Venue**

The Second Circuit provided us a roadmap for how to think about a transfer of venue from one District to another. The Second Circuit wrote:

> "Among the factors to be considered in determining whether to grant a motion to transfer venue are, *inter alia*:
>
> (1) the plaintiff's choice of forum,
> (2) the convenience of witnesses,
> (3) the location of relevant documents and relative ease of access to sources of proof,
> (4) the convenience of parties,
> (5) the local of operative facts,
> (6) the availability of process to compel the attendance of unwilling witnesses, and
> (7) the relative means of the parties."

*N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am.*, 599 F.3d 102, 112 (2d Cir. 2010) (internal quotation marks omitted).

New York federal courts have consistently held that "the locus of operative facts is a 'primary factor' in determining whether to transfer venue". *Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 485 (S.D.N.Y. 2007) *citing Mattel, Inc. v. Procount Bus. Servs.*, 2004 U.S. Dist. LEXIS 3895 (S.D.N.Y. Mar. 10, 2004). This has alternately been described as how "[t]he core determination under section 1404(a) is the center of gravity of the litigation." *Foothill Capital Corp. v. Kidan*, 2004 U.S. Dist. LEXIS 3634, at *5 (S.D.N.Y. Mar. 5, 2004).

In the absence of a forum selection clause – which is our case here – the Court faces a blank slate and will heavily rely on where the alleged tort occurred. *Contrast Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 63, 134 S. Ct. 568, 581 (2013)("a valid

Brief in Support of Motion to Transfer Venue in
Bow & Drape, Inc. v. Truly Commerce Inc. et ano.
Page 5 of 8

forum-selection clause [should be] given controlling weight in all but the most exceptional cases.").

In the interest of completeness, it should be noted defendant met the threshold condition for transfer because the Defendants are both domiciled in the Central District of California and no party disputes that "the action could have been brought in the district to which transfer is proposed." *Arrow Elecs., Inc. v. Ducommun, Inc.*, 724 F. Supp. 264, 265-66 (S.D.N.Y. 1989) *citing* WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3845.

### 2. The locus of operative facts is the Central District of California

The Complaint alleges in very general terms that the Defendants were liable for:

> "breach of contract, negligence, and unjust enrichment, stemming from Defendants' gross mishandling of Plaintiff's goods while under the care, custody, and control of Defendants *in Defendants' warehouse located in Los Angeles, California*, which has caused significant financial and reputational damage to Plaintiff in New York."

Complaint at ¶ 1 (Docket No. 1, Exhibit 1)(emphasis added).

The services contract that Plaintiff alleges is at the heart of this case was allegedly initiated when Plaintiff retained one of the Defendants to use their California facilities to:

> "provide warehousing, repackaging, distribution, and shipment services for goods coming in from overseas . . . [Defendants] accepted the responsibility of receiving goods from the manufacturers . . . and then were responsible for repacking the goods and distributing them to [Plaintiff's] customers".

*Id.* at ¶¶ 9 – 10.

Brief in Support of Motion to Transfer Venue in
Bow & Drape, Inc. v. Truly Commerce Inc. et ano.
Page 6 of 8

Finally, the alleged breaches of contract and negligence physically occurred at the California facility, namely:

> "[Defendants] failed to properly repackage the goods, [Defendants] used insufficient labels for boxes being shipped, [Defendants] shipped incorrect goods and an incorrect number of goods to [Plaintiff's] retailer customers . . . ."

*Id.* at ¶ 12.

So Day to Day Imports Inc., respectfully submits that the Complaint makes clear that the center of gravity of this case is in Los Angeles and that venue is therefore proper before the Central District of California. The reference to New York (because of Plaintiff's financial and reputational damage) is speculative, not central to the factual claims in this case, and would make the "locus of operative facts" moot.

As for the other considerations, D2D submits that while the Plaintiff's choice of forum leans toward keeping this case in the Eastern District; the convenience of witnesses, location of documents, convenience of parties, availability of process to compel during discovery lean toward transfer to the Central District. The remaining considerations, we submit, are neutral.

*[Remainder of Page Intentionally Left Blank]*

Brief in Support of Motion to Transfer Venue in
Bow & Drape, Inc. v. Truly Commerce Inc. et ano.
Page 7 of 8

## Conclusion

For the reasons described above, the Plaintiff respectfully prays that the Court order the case be transferred to the Central District of California.

DATED:   **NOVEMBER 30, 2018**

                                        Respectfully Submitted,

Baruch S. Gottesman, Esq.
185-12 Union Turnpike
Fresh Meadows, NY 11366
*Attorney for Defendant*
*Day to Day Imports Inc.*

**Served via ECF on:**
    J. Gregory Lahr
Robinson & Cole
666 Third Avenue, 20th Floor
New York, NY 10017
*Attorney for Plaintiff*

Brief in Support of Motion to Transfer Venue in
Bow & Drape, Inc. v. Truly Commerce Inc. et ano.
Page 8 of 8