UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
                                          :

BOW & DRAPE, INC.,

                                          :   Case No. 1:18-cv-05066

                         Plaintiff,

                                          :

                 -against-

                                          :

TRULY COMMERCE INC., AND DAY TO DAY
IMPORTS INC.,                                    :

                         Defendants.        :

                                          x

-------------------------------------------------------------------

---

## PLAINTIFF BOW & DRAPE'S OPPOSITION TO DAY TO DAY IMPORT INC.'S MOTION TO TRANSFER VENUE

---

ROBINSON & COLE, LLP
Chrysler East Building
666 Third Avenue, 20th floor
New York, NY 10017
Main (212) 451-2900
Fax (212) 451-2999
*Attorneys for Plaintiff*
*Bow & Drape, Inc.*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................... 1

LEGAL ARGUMENT................................................................................................... 1

I.     D2D'S MOTION TO TRANSFER VENUE MUST BE DENIED ...................................... 1

    1.     Plaintiff's Choice of Forum........................................................................... 3

    2.     Convenience of Witnesses ............................................................................ 5

    3.     Location of Relevant Documents.................................................................... 6

    4.     Convenience of the Parties............................................................................ 6

    5.     Availability of Process to Compel Attendance of Unwilling Witnesses ......................... 6

    6.     Relative Means of the Parties........................................................................ 7

    7.     Locus of Operative Facts............................................................................. 7

CONCLUSION............................................................................................................ 8

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*5381 Partners LLC v. Shareasale.com, Inc.*,
   2013 U.S. Dist. LEXIS 136003 (E.D.N.Y. Sept. 23, 2013) ..................................................... 5

*ACE Am. Ins. Co. v. Bank of the Ozarks*,
   2012 U.S. Dist. LEXIS 110891 (S.D.N.Y. Aug. 6, 2012) ...................................................... 5

*Aerotel Ltd. v. Sprint Corp.*,
   100 F. Supp. 2d 189 (S.D.N.Y. 2000) ..................................................................................... 6

*Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Lafarge N. Am., Inc.*,
   474 F. Supp. 2d 474 (S.D.N.Y. 2007) ................................................................................. 2, 6

*Citigroup, Inc. v. City Holding Co.*,
   97 F. Supp. 2d 549 (S.D.N.Y. 2000) ....................................................................................... 2

*D.H. Blair & Co., Inc. v. Gottdiener*,
   462 F.3d 95 (2d Cir. 2006) ...................................................................................................... 2

*ESPN, Inc. v. Quiksilver, Inc.*,
   581 F. Supp. 2d 542 (S.D.N.Y. 2008) ..................................................................................... 5

*Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*,
   928 F. Supp. 2d 735 (S.D.N.Y. 2013) ..................................................................................... 7

*Factors Etc., Inc. v. Pro Arts, Inc.*,
   579 F.2d 215 (2d Cir. 1978) .................................................................................................... 5

*Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.*,
   865 F.2d 513 (2d Cir. 1989) .................................................................................................... 3

*Flowserve Corp. v. BMCE., Inc.*,
   2006 U.S. Dist. LEXIS 73942 (S.D.N.Y. Oct. 12, 2006) ....................................................... 5

*HomeoPet LLC v. Speed Lab., Inc.*,
   2014 U.S. Dist. LEXIS 79746 (E.D.N.Y. June 11, 2014) ....................................................... 7

*In re Cuyahoga Equip. Corp.*,
   980 F.2d 110 (2d Cir. 1992) .................................................................................................... 2

*In re Warrick*,
   70 F.3d 736 (2d Cir. 1995) ...................................................................................................... 3

*Ivy Soc'y Sports Group, LLC v. Baloncesto Superior Nacional*,
   2009 U.S. Dist. LEXIS 65193 (S.D.N.Y. July 28, 2009) ....................................................... 6

*Lynch v. Nat. Prescription Admin'rs*,
   2004 U.S. Dist. LEXIS 3134 (S.D.N.Y. Mar. 1, 2004) .......................................................... 6

*Micromuse, Inc. v. Aprisma Mgmt. Techs., Inc.*,
   2005 U.S. Dist. LEXIS 10014 (S.D.N.Y. May 24, 2005) ....................................................... 3

*New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*,
   599 F.3d 102 (2d Cir. 2010) ................................................................................................. 2, 3

*Reliance Ins. Co. v. Six Star, Inc.*,
   155 F. Supp. 2d 49 (S.D.N.Y. 2001) ................................................................................ 3
*William Gluckin & Co. v. Int'l Playtex Corp.*,
   407 F.2d 177 (2d Cir. 1969) ............................................................................................ 2

**Statutes**

28 U.S.C. § 1404(a) ................................................................................................................ 1, 5

**PRELIMINARY STATEMENT**

Plaintiff Bow & Drape, Inc. ("Bow & Drape") respectfully submits this memorandum of law in opposition to Day to Day Imports Inc.'s ("D2D") Motion to Transfer Venue ("Motion") pursuant to 28 U.S.C. § 1404(a).

On or about May 24, 2018, Bow & Drape filed the lawsuit captioned *Bow & Drape, Inc. v. Truly Commerce Inc. and Day to Day Imports Inc.*, Index No. 515832/2018, in the Supreme Court of New York, County of Kings. Thereafter, on September 7, 2018, D2D removed this matter to the United States District Court for the Eastern District of New York, which removal Bow & Drape opposed. During the October 24, 2018 pre-motion conference on D2D's motion for removal, the Court ordered briefing on the issue of transferring venue. After the conference, Bow & Drape agreed to withdraw its proposed motion for remand and Defendants agreed to waive any defenses under FRCP 12(b)(5) relating to service of process.

As discussed in greater detail below, none of the factors considered by courts within the Second Circuit, in determining whether to transfer venue, support a transfer of this action to the United States District Court for the Central District of California. To the contrary, Bow & Drape's choice of a New York forum and substantial connections to this forum, as well as the convenience of Bow & Drape's non-party witnesses, support maintaining this action in the Eastern District of New York. Accordingly, Bow & Drape respectfully requests that D2D's Motion be denied in its entirety.

**LEGAL ARGUMENT**

**I.     D2D'S MOTION TO TRANSFER VENUE MUST BE DENIED**

Pursuant to 28 U.S.C. § 1404, "a district court may transfer any civil action to any other district or division where it might have been brought" based on "the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Courts in the Second Circuit consider

several factors in determining whether to transfer an action to a different judicial district. These

factors include:

> (1) the plaintiff's choice of forum, (2) the convenience of
> witnesses, (3) the location of relevant documents and relative ease
> of access to sources of proof, (4) the convenience of parties, (5) the
> locus of operative facts, (6) the availability of process to compel
> the attendance of unwilling witnesses, and (7) the relative means of
> the parties.

*New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010)

(quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006)).

In determining whether a transfer is warranted, district courts have "broad discretion,"

and "the factors of convenience and fairness are considered on a case-by-case basis." *Am. S.S.

Owners Mut. Prot. & Indem. Ass'n v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 480 (S.D.N.Y.

2007); *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). "There is no rigid

formula for balancing these factors and no single one of them is determinative" in what is

"essentially an equitable task left to the Court's discretion." *Citigroup, Inc. v. City Holding Co.*,

97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000) (internal quotations and citation omitted). The analysis

is a flexible one because "[w]ise judicial administration, giving regard to conservation of judicial

resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution

of such problems." *William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 179 (2d Cir.

1969); *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992). In performing the

analysis, however, the district court must "give due deference to the plaintiff's choice of forum

which should not be disturbed unless the balance of convenience and justice weigh heavily in

favor of defendant's forum." *Citigroup*, 97 F. Supp. 2d at 561 (internal citations and quotation

omitted).

In moving to transfer venue, the party requesting the transfer carries the "burden of making out a strong case for the transfer" by "clear and convincing evidence." *Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 521 (2d Cir. 1989); *Lafarge*, 599 F.3d at 113-114 (holding that the propriety of the "clear and convincing standard to transfer-motions is evident"); *see also Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 56 (S.D.N.Y. 2001).

Here, D2D has not met its burden of demonstrating that transfer is warranted by clear and convincing evidence. First and foremost, "plaintiff's choice of forum" weighs heavily in favor of maintaining the action in the Eastern District of New York.[1] Further, each of the remaining factors considered by courts in determining whether to transfer an action to another district either weighs in favor of maintaining the action in New York or is neutral and, therefore, does not support transfer to the Central District of California. In this regard, D2D's assertions that the "local of operative facts," as well as the "the convenience of witnesses, location of documents, convenience of the parties, availability of process to compel during discovery lean toward transfer to the Central District" is entirely without support, as discussed in greater detail below. (Mtn. at 7; ECF Doc No. 12.)

### 1. Plaintiff's Choice of Forum

A plaintiff's choice of forum is to be given substantial weight and "should not be disturbed unless the balance of convenience and justice weighs heavily in favor of defendant's proposed forum." *Micromuse, Inc. v. Aprisma Mgmt. Techs., Inc.*, 2005 U.S. Dist. LEXIS 10014, at *9 (S.D.N.Y. May 24, 2005); *In re Warrick*, 70 F.3d 736, 741 (2d Cir. 1995) (holding plaintiff's choice of forum is entitled to "substantial consideration").

---

[1] D2D concedes that "Plaintiff's choice of forum leans toward keeping this case in the Eastern District." (Mtn. at 7; ECF Doc No. 12.)

"This deference is even greater where there is a material connection or significant contact between the forum state and the events allegedly underlying the claim, or where the plaintiff's chosen forum is its principal place of business." *Am. S.S. Owners*, 474 F. Supp. 2d at 486. Here, this factor strongly favors New York as Bow & Drape's principal place of business is New York.

Moreover, substantial and significant contacts exist between New York and the events underlying Bow & Drape's claims and causes of action. First, the agreement entered into between Bow & Drape on the one hand, and D2D and Truly Commerce Inc. (collectively, "Defendants"), on the other hand, was negotiated by Bow & Drape in New York. Further, several of Bow & Drape's largest retailers, including Bloomingdales, Macy's, and Lord & Taylor, are located in New York. Defendants' negligent handling, repackaging and distribution of Bow & Drape's goods to these New York retailers caused injury to Bow & Drape within New York, in that Defendants' mismanagement of Bow & Drape's goods resulted in damage to Bow & Drape's relationship with these New York retailers.

In addition, Bow & Drape maintains warehouse and storage overflow facilities in New York. Defendants' negligent handling, repackaging, and distribution of Bow & Drape's goods to its warehouse in New York, from which Bow & Drape supports its online business, caused additional financial and reputational damage to Bow & Drape in New York. Bow & Drape incurred further financial harm in New York in that it was required to store goods – which would otherwise have been transferred to its wholesale partners – in its New York storage facility for extended periods of time due to the reputational damage and delay caused by Defendants' mismanagement and mishandling of Bow & Drape's goods.

Moreover, Bow & Drape's ability to pay down money owed to its factor (it's lender) was negatively impacted by the financial damage to Bow & Drape caused by Defendants' breach of contract and negligence.

Finally, Bow & Drape's payment of approximately $50,000 to Defendants under the agreement was derived from revenue earned by Bow & Drape in New York. Accordingly, this factor weighs strongly in favor of maintaining the action in New York.

### 2. Convenience of Witnesses

"The convenience of the forum for witnesses is probably considered the single most important factor in the analysis of whether a transfer should be granted," *ACE Am. Ins. Co. v. Bank of the Ozarks*, 2012 U.S. Dist. LEXIS 110891, at *31 (S.D.N.Y. Aug. 6, 2012) (citation and internal quotation marks omitted), and "the convenience of non-party witnesses is accorded more weight than that of party witnesses," *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 547 (S.D.N.Y. 2008) (citation and internal quotation marks omitted); *see also 5381 Partners LLC v. Shareasale.com, Inc.*, 2013 U.S. Dist. LEXIS 136003, at *46-47 (E.D.N.Y. Sept. 23, 2013).

Here, D2D has failed to state with specificity the key witnesses and testimony supporting transfer to the Central District of California. Under Second Circuit precedent, "[w]hen a party seeks the transfer on account of the convenience of witnesses under § 1404(a), [it] must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978), *rev'd on other grounds*, 652 F.2d 278 (2d Cir. 1981); *see also Flowserve Corp. v. BMCE., Inc.*, 2006 U.S. Dist. LEXIS 73942 (S.D.N.Y. Oct. 12, 2006) (denying motion to transfer in part because defendant failed to provide even a general statement of the likely testimony of the witnesses it identified in the transferee district). Here, because D2D has failed to specify any key witnesses to be called,

or provide any summary of the nature of the testimony to be given by its witnesses, this factor does not support transfer. Moreover, as Bow & Drape's key non-witnesses, including those New York retailers who received non-conforming goods from Defendants, are located in New York, this factor weighs in favor of maintaining this action in the Eastern District of New York.

### 3. Location of Relevant Documents

"The location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents." *Am. S.S. Owners*, 474 F. Supp. 2d at 484 (citing *Aerotel Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189, 197 (S.D.N.Y. 2000)). Here, D2D fails to cite to any "special facts" that would warrant weighing the "location of documents" in its favor. *Id*. Moreover, Bow & Drape asserts that no weight should be given to the location of D2D's documents in California, as an equally persuasive argument can be made that the location of Bow & Drape's documents favors New York.

### 4. Convenience of the Parties

Where a transfer would "merely switch the burden of inconvenience from one party to the other," the factor is essentially neutral. *Lynch v. Nat. Prescription Admin'rs*, 2004 U.S. Dist. LEXIS 3134, at *11 (S.D.N.Y. Mar. 1, 2004) (holding balance of convenience factor, "if not neutral, does not clearly swing in [movant's] favor" in such a situation) (citation omitted). Here, as transferring this action would merely shift the burden of inconvenience from D2D to Bow & Drape, this factor is neutral.

### 5. Availability of Process to Compel Attendance of Unwilling Witnesses

As discussed above, D2D has not provided the names of any party or non-party witnesses it intends to call to testify. D2D has further failed to identify any witnesses that would be unwilling to testify without compulsion. *Ivy Soc'y Sports Group, LLC v. Baloncesto Superior Nacional*, 2009 U.S. Dist. LEXIS 65193, at *22 (S.D.N.Y. July 28, 2009) ("The availability of

process to compel the attendance of a witness is a neutral factor here because neither party identifies a witness who would be unwilling to testify without compulsion."). Accordingly, this factor is neutral.

### 6. Relative Means of the Parties

D2D concedes in its Motion that "the relative means of the parties" is "neutral." (Mtn. at 7.) Bow & Drape does not dispute D2D's characterization of this factor.

### 7. Locus of Operative Facts

"In a contract case, the locus of operative facts is determined by the location where the contract was negotiated or executed, where the contract was to be performed, and where the alleged breach occurred." *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 745 (S.D.N.Y. 2013); *HomeoPet LLC v. Speed Lab., Inc.*, 2014 U.S. Dist. LEXIS 79746, at *61 (E.D.N.Y. June 11, 2014). Considering each of these elements, the "center of gravity of this case" is not California, as D2D suggests. Accordingly, this factor does not weigh in favor of transfer to the Central District of California.

First, the oral agreement between Bow & Drape and Defendants was primarily negotiated between the parties at their respective locations in New York and California, and was not formally "executed" in any state. Next, the parties' agreement included the shipping and distribution of goods to Bow & Drape's retail customers in several states, including New York. Therefore, the "performance" of the contract was not limited to California, and cannot support transfer to the Central District. Finally, although the alleged breach of the parties' agreement incepted in California, where Defendants' warehouse is located, this breach continued in several states, including New York, where Defendants' defective shipments were received by Bow & Drape's retail customers and at Bow & Drape's New York warehouse. Accordingly, this factor is neutral and cannot support transfer to the Central District of California.

As discussed above, the factors concerning Bow & Drape's choice of forum and the convenience of witnesses strongly favor maintaining this action in the Eastern District of New York. The remaining factors are neutral. As none of the factors clearly weigh in D2D's favor, D2D has fallen short of its burden of showing by clear and convincing evidence that transfer is warranted. Accordingly, deference should be given to Bow & Drape's choice of forum and D2D's motion to transfer venue to the Central District of California should be denied.

## CONCLUSION

For the reasons discussed above, Bow & Drape respectfully requests that D2D's motion to transfer this action to the United States District Court for the Central District of California be denied.


Dated: New York, New York
　　　　December 14, 2018



Respectfully submitted,


By: */s/ J. Gregory Lahr*
　　J. Gregory Lahr, Esq.
　　Robinson & Cole LLP
　　*Attorneys for Plaintiff*
　　*Bow & Drape, Inc.*
　　666 Third Avenue, 20th Floor
　　New York, New York 10017
　　Phone: (212) 451-2900
　　Facsimile: (212) 451-2999
　　glahr@rc.com