**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

BOW & DRAPE, INC.,

Plaintiff,

- against -

TRULY COMMERCE INC. and DAY TO DAY
IMPORTS INC.,

Defendants.

-----------------------------------------------------------------x

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 2 8 2019 ★

BROOKLYN OFFICE

<u>OPINION AND ORDER</u>

18-cv-5066 (NG) (SJB)

GERSHON, United States District Judge:

   In this action, originally filed in New York State Supreme Court, Kings County, plaintiff Bow & Drape, Inc. ("Bow & Drape") brings claims for breach of contract, negligence, and unjust enrichment arising from its contract with defendant Truly Commerce Inc. ("Truly Commerce") for warehousing, repackaging, and distribution of Bow & Drape's goods. Bow & Drape alleges that defendant Day to Day Imports Inc. ("Day to Day") later assumed responsibility for some portion of Truly Commerce's duties under the contract. Day to Day removed this action to federal court and now moves for a transfer of venue to the Central District of California pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought."[1]

   A district court has broad discretion in determining a motion for transfer and considers a variety of factors "*inter alia:* (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the

---

[1] On February 11, 2019, Truly Commerce appeared in this action and filed an answer. It has not taken any position on Day to Day's motion to transfer venue, which was filed before Truly Commerce appeared.

convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (internal quotation marks omitted). The movant, in this case Day to Day, bears the burden of establishing the propriety of transfer by "clear and convincing evidence." *Id.* at 113–14.

Preliminarily, it is undisputed that this action could have been brought in California. Day to Day argues that transfer of this case is appropriate because the locus of operative facts is California, where defendants received and allegedly mishandled plaintiff's goods. In a contract case, there may be several loci of operative facts including where the contract was negotiated or executed, where the contract was to be performed, and where the alleged breach occurred. *See Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 745–46 (S.D.N.Y. 2013). Bow & Drape does not dispute that defendants' actions in California precipitated the breach of contract. It argues, however, that New York is also a locus of operative facts because the contract was negotiated in New York and the dispute in this case arose from the receipt of defective shipments at Bow & Drape's New York warehouse and at various of its customers' retail locations, including in New York.

Day to Day offers no argument concerning any other factor for transfer and submits no supporting evidence with its motion. I find that the case should remain in Bow & Drape's chosen forum—its home state of New York. This factor is entitled to significant weight especially where, as here, New York is both plaintiff's principal place of business and the location of several of the events underlying plaintiff's claims. *See Am. S.S. Owners Mut. Prot. and Indem. Ass'n, Inc. v. LaFrage N. Am., Inc.*, 474 F. Supp. 2d 474, 486 (S.D.N.Y. 2007). In sum, Day to Day has not established by clear and convincing evidence that this case should be transferred.

The motion is denied.

SO ORDERED.

/s/ *Nina Gershon*

**NINA GERSHON**
**United States District Judge**

February 27, 2019
Brooklyn, New York