

Baruch S. Gottesman
Attorney and Counselor at Law

---

March 4, 2019

**Via ECF**
The Honorable Nina Gershon, U.S. District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Bow & Drape, Inc. v. Truly Commerce Inc, et al.
      E.D.N.Y. Index No. 18-cv-05066 (NJ)(SJB)

Your Honor:

### A.   Introduction

I represent Defendant Day to Day Imports, Inc. ("DTD"). On February 11, 2019, the Defendant Truly Commerce Inc., appeared and served a Crossclaim against my client. The Defendant Day to Day Imports, Inc., now respectfully requests a pre-motion conference pursuant to Rule 3(A) of Her Honor's Individual Motion Practices.

The anticipated Motion will be a Motion to Dismiss pursuant to Federal Rule 12(b)(6) and additionally and/or in the alternative For a More Definite Statement pursuant to Federal Rule 12(e) because DTD cannot reasonably be required to frame a responsive pleading to the jumble of inconsistent claims (and a demand made pursuant to the CPLR).

DTD understands that service of this letter via ECF constitutes timely service of the motion because it is within the time that any response is due.

### B.   Basis of Motion

The Crossclaim is a single sentence of about 300 words which broadly and without factual basis alleges carelessness, recklessness, negligence, acts and omissions, negligence, and other wrongdoing on DTD's part. The cross-claim alleges breach of contract, breach of lease, breach of warranty and name checks a number of other potential causes of action, but contains no factual support whatsoever for any of them.

Letter to Hon. Nina Gershon, U.S.D.J.
Bow & Drape, Inc. v. Truly Commerce Inc., et ano., 18-cv-05066 (NG)(SJB)
March 4, 2019
Page 2 of 2

In addition to demanding judgment for indemnification, the Crossclaim also demands that DTD serve an answer to the cross-claims pursuant to the CPLR.

### C. Legal Argument

#### i. Motion to Dismiss for Failure to State a Claim

Rule 13(g) requires Crossclaimants to plead "any claim by one party against a co-party". The Crossclaim at issue makes no factual claims against DTD and in large part is simply a catalogue of various conclusory statements about DTD's behavior (which behavior is never described) and a list of causes of action.

Because no cause of action is properly pled, the Crossclaim must be dismissed.

#### ii. Motion for a More Definite Statement

Rule 12(e) provides that a party is entitled to "a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague and ambiguous that the party cannot reasonably prepare a response". The specific defects complained of are the lack of any factual claims against DTD and the inability to distinguish each individual cause of action. In addition, the Crossclaim contains a demand for a response pursuant to the C.P.L.R., and DTD is not aware of how to do so here in the District Court.

For these reasons the Defendant Day to Day Imports, Inc. respectfully submits that the Crossclaim should be dismissed, and in the alternative the Crossclaimant shall provide a more definite statement.

RESPECTFULLY SUBMITTED

Baruch S. Gottesman, Esq.

Served on all parties via ECF