

Baruch S. Gottesman
Attorney and Counselor at Law

March 4, 2019

**Via ECF**
The Honorable Nina Gershon, U.S. District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Bow & Drape, Inc. v. Truly Commerce Inc, et al.
      E.D.N.Y. Index No. 18-cv-05066 (NJ)(SJB)

Your Honor:

### A.   Introduction

I represent Defendant Day to Day Imports, Inc. ("DTD"). As directed at the October 24, 2018 hearing before Her Honor, DTD held off on any dispositive motion pending the parties' briefing and a decision by this Court on the motion to remand and cross-motion to transfer venue.

In light of Her Honor's decision last Thursday denying DTD's Motion to Change Venue (Docket No. 16, February 28, 2019), Defendant Day to Day Imports, Inc., now respectfully requests a pre-motion conference pursuant to Rule 3(A) of Her Honor's Individual Motion Practices.

The anticipated Motion will be a Motion to Dismiss pursuant to Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted. DTD understands that service of this letter via ECF constitutes timely service of the motion because it is within the time that an Answer or other responsive pleading is due.

### B.   Basis of Motion

The Complaint alleged that "Bow & Drape retained Truly Commerce", and described various alleged failures by Truly Commerce in their performance pursuant to that retainer. While the Complaint alleges various "breaches and acts of negligence" by DTD, the sole allegation about DTD's relationship to Plaintiff is the allegation that "upon information and belief Day to Day assumed responsibility for some portion of the contract and Truly Commerce's responsibility under the contract".

New York Office • 185-12 Union Turnpike, Fresh Meadows, NY 11366
New Jersey Office • 9 Maplewood Terrace, Lakewood, NJ 08701
Phone: 718.454.4422 • eFax: 212.859.7307 • www.gottesmanlegal.com

Letter to Hon. Nina Gershon, U.S.D.J.
Bow & Drape, Inc. v. Truly Commerce Inc., et ano., 18-cv-05066 (NG)(SJB)
March 5, 2019
Page 2 of 3

Respectfully, such "assumption of responsibility" is not enough to create any privity for purposes of any alleged breach of contract (First Cause of Action). Nor does such "assumption of responsibility" create any duty required for purposes of the negligence claim (Second Cause of Action). Importantly, the Complaint does not allege that Plaintiff paid anything to DTD and the Third Cause of Action for unjust enrichment must also fail.

### C.  Legal Argument

#### i.  Breach of Contract

Under New York law, a party who pleads a breach of contract claim against a sub-contractor must establish the "functional equivalent" of privity. City Sch. Dist.of City of Newburgh v. Hugh Stubbins & Assocs., 85 N.Y.2d 535, 539 (1995). In Newburgh, the "Plaintiff reviewed and approved the [sub-contractors work]. It retained control of the budget and change orders during the construction. Plaintiff also had a representative at the construction site on a daily basis." Id. at 538-39. There have been no such allegations of Plaintiff's oversight of DTD in this case.

Similarly, there have been no allegations that Truly Commerce, Inc. entered into any subcontract with DTD as Plaintiff's agent or on Plaintiff's behalf (Compare MG Fragrance Brands, LLC v. Houbigant, Inc., 759 F. Supp. 2d 363, 375 (S.D.N.Y. 2010)(allowing breach of contract to move forward against sub-contractor when: (i.) there are allegations that a sub-contract exists; and (ii.) the subcontract was entered into by the primary contractor as "[Plaintiff's] agent on [Plaintiff's] behalf").

See also Pure Diets India, Ltd. v. Genco, No. 18-CV-3086 (VEC), 2019 U.S. Dist. LEXIS 17566, at *15-16 (S.D.N.Y. Feb. 4, 2019), a decision last month where the court distinguished a contract entered into on a third-party's behalf by its disclosed agent, in which case the injured "plaintiff that was the intended beneficiary of the contract" as "was known to all parties at the time the contracts were negotiated" – in which case a cause of action for breach of contract may lie by non-parties. As opposed to where no such allegations are made in which case a cause of action for breach of contract by non-parties to the contract will not lie.

New York State Courts hold the same. See 610 W. Realty, LLC v. Riverview W. Contracting, LLC, 2016 NY Slip Op 30946(U), 2016 N.Y. Misc. LEXIS 1927 (S.Ct. New York County May 24, 2016)( Justice Debra A. James)(dismissing breach of contract claims by third parties who lacked privity). The appeal in 610 W. Realty, LLC, will appear again in our discussion of Negligence below.

Letter to Hon. Nina Gershon, U.S.D.J.
Bow & Drape, Inc. v. Truly Commerce Inc., et ano., 18-cv-05066 (NG)(SJB)
March 5, 2019
Page 3 of 3

### ii. Negligence

In the appeal of <u>610 W. Realty LLC v. Riverview W. Contracting LLC</u>, 45 N.Y.S.3d 391 (1st Dep't 2017), the First Appellate Division affirmed the dismissal of the breach of contract and negligence claims brought by parties who were not in privity because they were not parties to the contract. Importantly, the Appellate Division held that the trial "court properly dismissed the [] cause of action alleging negligence against [the subcontractor] * * * because plaintiff cannot recover contract damages under a negligence theory". <u>Id.</u> at 392. That's the case here, where the claim for negligence is a mere repackaging of the breach of contract claim.

And the negligence claim, on its face, fails because the Plaintiff has not and cannot allege a duty of care owed by DTD. "Time and again we have required 'that the equation be balanced; that the damaged plaintiff be able to point the finger of responsibility at a defendant owing, not a general duty to society, but a specific duty to him'". <u>Lauer v. City of N.Y.</u>, 95 N.Y.2d 95, 100 (2000) *citing* the bane of law students everywhere, Justice Cardozo's decision in <u>Palsgraf v. Long Island R. Co.</u>, 248 N.Y. 339 (1928).

### iii. Unjust Enrichment

The unjust enrichment claim is below the jurisdiction requirements for diversity jurisdiction in this court, and therefore if the first two causes of action are dismissed, the third cause of action for unjust enrichment must be dismissed as well. In addition, if no breach of contract or negligence was done by DTD against Plaintiff, then no action for unjust enrichment can lie in any case because there was no privity and no duty – nor any allegation of any relationship at all or the receipt of any funds from the Plaintiff by DTD.

For these reasons Defendant Day to Day Imports, Inc. respectfully submits that the Complaint should be dismissed with respect to claims against itself, because the Complaint failed to state a claim upon which relief can be granted.

RESPECTFULLY SUBMITTED

Baruch S. Gottesman, Esq.

Served on all parties via ECF