**Robinson+Cole**

J. GREGORY LAHR

Chrysler East Building
666 Third Avenue, 20th floor
New York, NY 10017
Main (212) 451-2900
Fax (212) 451-2999
glahr@rc.com
Direct (212) 451-2933

Also admitted in Maryland

March 11, 2019

**VIA ECF**

Honorable Nina Gershon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *Bow & Drape, Inc. v. Truly Commerce Inc. et al.*
      Civil Action No. 18-cv-05066-NG-SJB
      Our File No.:    37656.0001

Dear Judge Gershon:

We represent Plaintiff Bow & Drape, Inc. ("Bow & Drape"), and are writing respectfully in opposition to the pre-motion letter submitted by Defendant Day to Day Imports, Inc. ("Day to Day").

This is Day to Day's second pre-answer motion seeking relief to avoid having to respond to the substantive allegations against it in this action.  Day to Day's current effort should be denied.

Plaintiff's opposition herein is not meant to litigate the merits of its allegations against Defendants, merely to demonstrate that Day to Day's effort to evade substantively participating in this action is meritless.

As an initial matter, Rule 8 of the Federal Rules of Civil Procedure simply requires that a complaint "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought, which may include relief in the alternative or different types of relief."  Plaintiff's complaint easily fulfills these basic requirements.

Moreover, to survive a motion to dismiss under Rule 12(b)(6), it is well-settled that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face; and a claim will have facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

**Robinson+Cole**

Hon. Nina Gershon
March 11, 2019
Page 2

Here, Plaintiff asserts that it initially entered into the contract with Defendant Truly Commerce, but then Day to Day took over Truly Commerce's obligations, in part, which formed a continuing contractual relationship with Plaintiff. Plaintiff further alleges that both Defendants were paid by Plaintiff for the services they performed. During discovery, Plaintiff will demonstrate that Truly Commerce and Day to Day were united entities, performing the same operations out of the same location, and sharing at least one senior executive. Day to Day's effort to differentiate itself from Truly Commerce is a sham, and a disingenuous effort to avoid the liability that it will have for its own breach of contract and negligence. If, when discovery is complete, it can show that it did not have a contract with Plaintiff, and/or it did not breach that contract, it can then make a dispositive motion. But for now, the allegations against Day to Day are sufficient to move forward with this action, and obtain discovery from Day to Day regarding its misconduct. Should the Court find that Plaintiff's allegations against Day to Day are currently insufficient, Plaintiff respectfully requests the opportunity to file an amended complaint.

Thank you for your Honor's consideration.

Respectfully,

J. Gregory Lahr

cc: All Counsel (via ECF)