UNITED STATES DISTRICT COURT OF THE
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
BOW & DRAPE, INC.,

              Plaintiff,

  - against -

TRULY COMMERCE INC. and DAY TO DAY
IMPORTS INC.,

              Defendants.
------------------------------------------X

**VERIFIED ANSWER TO FIRST AMENDED COMPLAINT WITH CROSS-CLAIM**

*Civil Action No.*
1:18-cv-05066-NG-SJB

**Defendant Demands Trial by Jury**

      Defendant TRULY COMMERCE INC., by its attorney, PILLINGER MILLER TARALLO, LLP as and for its answer to the complaint and as and for its cross-claims, upon information and belief, sets forth as follows:

## NATURE OF THE ACTION

1.   This paragraph does not require a responsive pleading. To the extent that the averments contained in paragraph "1" require a responsive pleading, TRULY COMMERCE INC. ("TRULY") denies any and all allegations asserted against TRULY.

## THE PARTIES, JURISDICTION AND VENUE

2.   Denies any knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "2".

3.   Denies any knowledge or information sufficient to form a belief as to the truth of the averments contained in

paragraph "3".

4. Denies any knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "4".

5. Denies the truth of the averments contained in paragraph "5" as it applies to defendant TRULY and respectfully refers all issues of law to this Honorable Court.

6. This paragraph does not require a responsive pleading. To the extent that the averments contained in paragraph "6" require a responsive pleading, TRULY denies knowledge and information sufficient to form a belief as to the truth of any and all allegations and refers all matters of law to the Honorable Court.

### JURY DEMAND

7. This paragraph does not require a responsive pleading. To the extent that the averments contained in paragraph "7" require a responsive pleading, TRULY denies knowledge and information sufficient to form a belief as to the truth of any and all allegations and refers all matters of law to the Honorable Court.

### FACTUAL BACKGROUND

8. Denies any knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "8".

9. Denies any knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "9" as it applies to defendant TRULY and refers to the terms and conditions of any such contract and/or agreement as they speak for themselves.

10. Denies any knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "10" and refers to the terms and conditions of any such contract and/or agreement as they speak for themselves.

11. Denies the truth of the allegations contained in paragraph "11" but denies the truth of same as to TRULY.

12. Denies the truth of the averments contained in paragraph "12".

13. Denies the truth of the averments contained in paragraph "13".

### ANSWERING THE FIRST CAUSE OF ACTION

14. Repeats, reiterates and re-alleges each and every response heretofore made herein as and for its answer to the allegations contained in the paragraphs of the Complaint herein designated as: "14".

15. Denies the truth of the averments contained in paragraph "15".

16. Denies the truth of the averments contained in paragraph

"16".

17. Denies the truth of the averments contained in paragraph "17".

18. Denies the truth of the averments contained in paragraph "18".

## ANSWERING THE SECOND CAUSE OF ACTION

19. Repeats, reiterates and re-alleges each and every response heretofore made herein as and for its answer to the allegations contained in the paragraphs of the Complaint herein designated as: "19".

20. Denies any knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "20" but denies the truth of same as to TRULY.

21. Denies any knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "21" but denies the truth of same as to TRULY.

22. Denies any knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "22" but denies the truth of same as to TRULY.

23. Denies any knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "23" but denies the truth of same as to TRULY.

24. Denies any knowledge or information sufficient to form a belief as to the truth of the averments contained in

paragraph "24" but denies the truth of same as to TRULY.

25. Denies the truth of the averments contained in paragraph "25".

### ANSWERING THE THIRD CAUSE OF ACTION

26. Repeats, reiterates and re-alleges each and every response heretofore made herein as and for its answer to the allegations contained in the paragraphs of the Complaint herein designated as: "26".

27. Denies the truth of the averments contained in paragraph "27".

28. Denies the truth of the averments contained in paragraph "28".

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

29. That plaintiff's claim against this answering defendant are, or may be, barred by the affirmative defense of waiver, estoppel, ratification and/or laches.

### AS FOR A SECOND AFFIRMATIVE DEFENSE:

30. That the within Complaint fails to state a claim and/or cause of action upon which relief can be granted to plaintiff.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

31. That plaintiff failed to comply with the conditions preceding and/or failed to otherwise comply with the terms of the contract by and between the parties herein.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

32. That plaintiff's claims are barred by the doctrine of accord and satisfaction.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

33. That plaintiff's claims are barred the doctrine of unclean hands.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

34. That the amount recoverable shall be diminished in the proportion which the culpable conduct attributable to plaintiff bears to the culpable conduct which caused the damages, including, but not limited to, plaintiff's contributory negligence and/or assumption of the risk.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

35. That the liability of this answering defendant is limited by contribution of parties over which this defendant has no control.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

36. Any judgment entered in favor of plaintiff should be reduced by the amount of any settlement, release, covenant not to sue or covenant not to enforce a judgment or the amount of consideration paid by any person or entity liable to plaintiff for the damages alleged in the Complaint.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

37. That plaintiff failed and/or refused to take reasonable

steps to avoid, minimize and/or mitigate its damages.

**AS AND FOR A CROSS-CLAIM AGAINST DEFENDANT DAY TO DAY IMPORTS INC., ANSWERING DEFENDANT TRULY COMMERCE INC. ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:**

38. Pursuant to Plaintiff's Complaint Day to Day Imports (hereinafter "Day to Day") entered into an agreement / contract with Bow & Drape in October in 2017 whereby Day to Day assumed responsibility for some portion of repackaging, distribution, and shipment services for goods.

39. Day to Day entered into an agreement with Truly Commerce whereby Day to Day assumed responsibility for some portion of communicating and negotiating with Bow & Drape regarding repackaging, distribution, and shipment services for goods

40. Pursuant to their agreements Day to Day accepted responsibility for some portion of communicating with and taking instruction from Bow & Drape regarding receiving of goods from manufactures used by Bow & Drape, repackaging of the goods and distributing the goods to Bow & Drape's retail customers with specific instructions by Bow & Drape.

41. Day to day failed to provide repackaging, distribution, and shipment services for goods and per Bow & Drape's specifications/instructions and negligently communicated with and carried out Bow & Drapes instructions regarding

receiving, repackaging and distributing the goods to Bow & Drape's retail customers.

42. That, upon information and belief (on the authority of *Dole v. Dow Chemical*, 30 N.Y.2d 143; *Rogers v. Dorchester*, 32 N.Y.2d 553; *Kelly v. Diesel Construction*, 35 N.Y.2d 1), if plaintiff sustained the damages in the manner and at the time and place alleged, and if it is found that this answering defendant is liable to plaintiff herein, then upon said allegations of the Complaint and upon the pleadings and evidence, said damages were sustained by reason of the sole, active, and primary carelessness and/or recklessness and/or negligence and/or affirmative acts of omissions or commission and/or gross negligence and/or in causing or creating the conditions complained of and/or strict liability and/or violation of codes, statutes, rules and/or regulations by co-defendant DAY TO DAY IMPORTS INC.

43. This answering defendant is entitled to complete common law indemnification, and/or to be defended and held harmless from any judgment over against co-defendant herein, for all or part of any verdict or judgment that plaintiff may recover against said answering defendant, and/or in the event that judgment over is not recovered on the basis of full common law indemnification, then this answering defendant demands judgment over and against co-defendant herein on the basis of an apportionment of responsibility

for the alleged occurrence for all or part of any judgment or verdict that plaintiff may recover against said answering defendant, and that all of the provisions of limitation of liability and contribution are pleaded herein by this cross-claiming defendant, together with costs, disbursements and reasonable attorneys' fees.

**PLEASE TAKE NOTICE** that these answering defendants hereby demand, that co-defendants serve an answer to these cross-claims.

**WHEREFORE**, defendant TRULY COMMERCE INC. demands judgment dismissing the Complaint of plaintiff and further demands that in the event this answering defendant is found liable to plaintiff herein, then this answering defendant have judgment over and against the aforementioned co-defendant on the cross-claim for all or part of the verdict or judgment that plaintiff may recover against TRULY COMMERCE INC., together with the costs and disbursements of this action, plus any and all attorney's fees.

Dated:     Westchester, New York
           April 19, 2019

                     PILLINGER MILLER TARALLO, LLP

By: _____
     JEFFREY T. MILLER (JTM-8179)
     For the Firm
     PILLINGER MILLER TARALLO, LLP
     Attorneys for Defendant

```
                              Truly Commerce Inc
                              555 Taxter Road, 5th Floor
                              Elmsford, New York 10523
                              (914) 703-6300
                              Our File No.  XL-00821/JTM
TO:
ROBINSON + COLE
Attorney for Plaintiff
Bow & Drape, Inc.
Chrysler East Building
666 Third Avenue, 20th Floor
New York, New York 10017
(212) 451-2933

BARUCH SIMCHA GOTTESMAN
185-12 Union Turnpike
Fresh Meadows, New York 11366
(718) 454-4422
Attorney for Defendant
Day to Day Imports Inc.
```

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing VERIFIED ANSWER TO FIRST AMENDED COMPLAINT WITH CROSS-CLAIM was mailed by first class mail, postage prepaid this April __19__, 2019, to all counsel of record as indicated on the service list below.

_____
JEFFREY T. MILLER (JTM-8179)
For the Firm

**SERVICE LIST**

ROBINSON + COLE
Attorney for Plaintiff
Bow & Drape, Inc.
Chrysler East Building
666 Third Avenue, 20th Floor
New York, New York 10017
(212) 451-2933

BARUCH SIMCHA GOTTESMAN
185-12 Union Turnpike
Fresh Meadows, New York 11366
(718) 454-4422
Attorney for Defendant
Day to Day Imports Inc.