UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------x
|
BOW & DRAPE, INC.,                           |   Docket No.: **1:18-cv-05066**
|
Plaintiff,                                   |
|
~ against ~                                  |   DEFENDANT DAY TO DAY
|   IMPORTS INC.'S ANSWER
TRULY COMMERCE INC.; and                     |   AND AFFIRMATIVE DEFENSES
DAY TO DAY IMPORTS INC.,                     |   TO TRULY COMMERCE INC.'S
|   CROSS-CLAIM; AND CROSS-CLAIM
Defendants.                                  |   AGAINST TRULY COMMERCE INC.
|
------------------------------x

Defendant **DAY TO DAY IMPORTS INC.** by and through its attorney, hereby Answers the First Amended Complaint filed by Plaintiff and admits, denies, and alleges as follows:

### ANSWERING CROSS-CLAIM BY TRULY COMMERCE INC. AGAINST DAY TO DAY IMPORTS INC.

38. Answering Paragraph 38, Defendant Day to Day Imports Inc. denies the allegations of this paragraph.

39. Answering Paragraph 39, Defendant Day to Day Imports Inc. denies the allegations of this paragraph.

40. Answering Paragraph 40, Defendant Day to Day Imports Inc. denies the allegations of this paragraph.

41. Answering Paragraph 41, Defendant Day to Day Imports Inc. denies the allegations of this paragraph.

42. Answering Paragraph 42, Defendant Day to Day Imports Inc. denies the allegations of this paragraph.

43. Answering Paragraph 43, Defendant Day to Day Imports Inc. denies the allegations of this paragraph.

**WHEREFORE**, Defendant Day to Day Imports Inc. respectfully denies that Defendant /Cross-Claimant Truly Commerce Inc. is entitled to the relief prayed for, or any relief at all as against Day to Day Imports Inc., and based thereon respectfully requests the Court deny Defendant /Cross-Claimant Truly Commerce Inc. the relief prayed for, or any relief at all as against Day to Day Imports Inc., and the claims of the Defendant /Cross-Claimant Truly Commerce Inc. as against Day to Day Imports Inc. be adjudged against Defendant /Cross-Claimant Truly Commerce Inc. and in favor of Day To Day Imports Inc.

**AS AND FOR AFFIRMATIVE DEFENSES TO THE CLAIMS SET FORTH IN TRULY COMMERCE INC.'S CROSS-CLAIM, DEFENDANT DAY TO DAY IMPORTS ALLEGES, UPON INFORMATION AND BELIEF, AS FOLLOWS:**

### First Affirmative Defense

Defendant /Cross-Claimant Truly Commerce Inc. fails to state facts sufficient to constitute a claim for relief against Defendant Day to Day Imports Inc and merely states conclusory allegations upon information and belief.

### Second Affirmative Defense

If any loss or damage did occur which is the subject of the Defendant /Cross-Claimant's Cross-Claim, none of said loss or damage was caused or contributed to by any fault or neglect on the part of Day to Day Imports Inc.

### Third Affirmative Defense

Day to Day Imports Inc. and Defendant /Cross-Claimant were never in privity of contract, and Defendant /Cross-Claimant's lack of privity is fatal to the allegations against Day to Day Imports Inc. in its Cross-Claim.

### Fourth Affirmative Defense

Even if there was an agreement between Day to Day Imports Inc. and Defendant /Cross-Claimant, which there was not, Defendant /Cross-Claimant did not give any consideration for this alleged agreement, so the alleged agreement is null and void as a matter of law.

### Fifth Affirmative Defense

Attorney's fees are not recoverable against Day to Day Imports Inc.

**WHEREFORE**, Day to Day Imports Inc. respectfully requests that (1) Defendant /Cross-Claimant have and recover nothing from this Cross-Claim; (2) that the action be dismissed with prejudice pursuant to law; (3) that the costs of this action be taxed against Defendant /Cross-Claimant pursuant to law; (4) Day to Day Imports Inc. be

awarded their attorneys' fees incurred to the degree allowed; and (5) the Court grant to Day to Day Imports Inc. such other further relief as may seem just and proper

### CROSS-CLAIM AGAINST TRULY COMMERCE, INC.

**AS AND FOR THEIR CROSS-CLAIM AGAINST DEFENDANT TRULY COMMERCE, INC., DAY TO DAY IMPORTS, INC. ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:**

1. Plaintiff's First Amended Complaint alleged that Truly Commerce, Inc. entered into an agreement with Plaintiff in 2017 pursuant to which Truly Commerce, Inc. agreed to receive, repackage, and ship Plaintiff's goods.

2. At no time did Day To Day Imports, Inc. enter into an agreement with Plaintiff or Truly Commerce, Inc.

3. At no time did Day To Day Imports, Inc. accept or assume any responsibilities in connection with Plaintiff's agreement with Truly Commerce, Inc.

4. Plaintiff's First Amended Complaint alleges that Truly Commerce, Inc. failed to perform under the agreement it had with Plaintiff.

5. Truly Commerce, Inc. alone is responsible for any damages that Plaintiff alleged they suffered in the First Amended Complaint.

6. If Plaintiff sustained the damages in the manner and at the time and place alleged, and if it is found that Day To Day Imports, Inc. is liable to Plaintiff for damages, said damages were sustained by the reason of the sole, active, and primary

carelessness, recklessness, affirmative acts, and complete disregard of Truly Commerce, Inc. to fulfill its obligations under its agreement with Plaintiff.

       7.    Day To Day Imports, Inc. is entitled to complete common law indemnification, and to be defended and held harmless from any judgment against Truly Commerce, Inc., and in the event that judgment is not recovered on the basis of fully common law indemnification, then Day To Day Imports, Inc. demands judgment against Truly Commerce, Inc. on the basis that it was the sole responsible party under its contract with Plaintiff for the alleged occurrences, and that all of the provisions of limitation of liability are pleaded herein by Day To Day Imports, Inc. together with costs, disbursements, and reasonable attorney's fees.

      DATED:    MAY 8, 2019

      Respectfully Submitted,
      /s/
      Baruch S. Gottesman, Esq.
      185-12 Union Turnpike
      Fresh Meadows, NY 11366
      *Attorney for Defendant*
      *Day to Day Imports Inc.*

**Served via ECF on all counsel who have appeared**